Filed            16-CI-00908     09/19/2016            Gary Haddock, Christian Circuit Clerk

COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 16-CI-00908

JASON THOMPSON;
MICHAELA THOMPSON; AND
[REDACTED] **J.T.**, by and through his parent
And next Friend, Jason Thompson                     PLAINTIFFS

VS                                      **COMPLAINT**

CAMPBELL CROSSING, LLC                              DEFENDANT

    Serve: C T Corporation
    306 W Main St., Ste 512
    Frankfort, KY 40601
    *Registered Agent for Campbell Crossing, LLC*

AND

WINNCOMPANIES, LLC                                  DEFENDANT

    Serve: Gilbert Winn
    Six Faneuil Hall Marketplace
    Boston, MA 02109

    Serve: Office of Secretary of State
    Summons Branch
    700 Capital Ave., Ste. 86
    Frankfort, KY 40601
    *Statutory Agent for Defendant WinnCompanies, LLC*

Comes now the Plaintiffs, JASON THOMPSON, MICHAELA THOMPSON, AND JOSHUA THOMPSON, by and through his parent and next friend, **J.T.** [REDACTED] (hereinafter "Thompsons"), by counsel, and for their complaint against the Defendants herein, states to the court as follows:

1. The Thompsons at all relevant times herein were and are residents of Ft. Campbell, Christian County, Kentucky.

Filed            16-CI-00908     09/19/2016            Gary Haddock, Christian Circuit Clerk

Filed                16-CI-00908      09/19/2016            Gary Haddock, Christian Circuit Clerk

2. The Defendant, Campbell Crossing, LLC (hereinafter "Campbell"), is a company organized and existing under the laws of the Commonwealth of Kentucky. Service of process is being perfected over Campbell at the address of Campbell's Registered Agent in the Commonwealth of Kentucky.

3. The Defendant, WinnCompanies, LLC (hereinafter "Winn"), is a company organized and existing under the laws of the Commonwealth of Massachusetts. Service of process is being perfected over Winn by way of the long arm statute through the Kentucky Secretary of State.

4. Venue is proper in Christian County, Kentucky, pursuant to KRS 452.460 by virtue of being the county in which the injury which is the subject of this suit occurred.

## FACTUAL BACKGROUND

5. The Plaintiff's Thompsons, at all relevant times herein, were tenants renting a house on property located at 4447-A Beers Street in Fort Campbell, Kentucky.

6. At all times relevant hereto, The Defendants Campbell and/or Winn are the management firm(s) responsible for the management of said rental property.

7. At all times relevant hereto, the Defendants Campbell and/or Winn are the owner(s) of the property that was rented to the Plaintiff.

8. On or about November 1, 2015, the Plaintiff Thompsons became aware mold was infested in the property and the mold exposure was causing them physical and mental problems associated with the exposure.

9. The Plaintiffs have suffered and will continue to suffer physical and mental problems associated with exposure to the mold that infested the property rented to the Plaintiff by the Defendants and owned by the Defendants.

## COUNT I

10. At all times relevant to, the Defendants Campbell and Winn, owed a duty to the Plaintiffs to provide a safe and habitable premises for them to rent as their dwelling. Because of the negligence and recklessness of the Defendants, the dwelling was allowed to fall in such disrepair as to allow the growth of the mold which has caused injury to the Plaintiffs.

11. As a direct and approximate result of the aforesaid negligence and recklessness of the Defendants, the Plaintiffs have suffered serious and permanent injuries; have suffered in the past, and will suffer in the future, great pain and suffering, both mental and physical; have lost wages; and have experienced a permanent diminution of power to earn money; all to their great and lasting damage in an amount to be determined by the trier of fact.

## COUNT II

12. Plaintiffs re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 11.

13. The Plaintiffs had a rental lease agreement with the Defendants. At all times material hereto, Plaintiffs performed their obligations under the contract with the Defendants. By allowing the residence to fall in disrepair and accumulate the mold infestation, the Defendants breached their express and applied contractual commitments to Plaintiffs.

14. As a direct and approximate result of Defendants breach of the rental contract, Plaintiffs have, in fact, suffered damages as to be determined by the trier of fact.

## COUNT III

15. Plaintiffs re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 14.

16. The conduct of Defendants Campbell and Winn in allowing the aforesaid property to become infested with mold constitute a nuisance that directly and wrongfully caused a continuing negative impact on Plaintiffs real and personal property rights to the property located at 4447-A Beers Street in Fort Campbell, Kentucky.

17. As a result of the conduct of Defendants Campbell and Winn herein above described, Plaintiffs have suffered, and continue to suffer, damage to Plaintiffs real and personal property, in an amount to be established at trial.

## COUNT IV

18. Plaintiffs re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 17.

19. The Defendants' actions noted above were negligent and reckless and as a result, Plaintiffs have suffered severe emotional distress.

20. The acts of the Defendants constitute outrageous, extreme, and intolerable conduct for which the Plaintiffs should be compensated in an amount to be established at trial.

21. Plaintiffs re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 20.

22. The mold infestation that was created by the Defendants caused the Plaintiffs to be deprived of use of the premises under the terms of the lease. Plaintiffs were therefore constructively evicted from the premises.

23. Accordingly, the Plaintiffs should be compensated for the damages by the construction eviction in an amount to be determined by the trier of fact.

## COUNT VI

24. Plaintiffs re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 23.

25. The house was rented to Plaintiffs as warranted by the Defendants that the house was fit and habitable for normal use and occupation.

26. During the time noted herein, the house was in a defective and unsafe condition in that it was infested with mold.

27. As a direct result the Plaintiffs were unable to occupy the premises pursuant to the lease agreement and were damaged in an amount to be determined by the trier of fact.

28. The damages sustained by the Plaintiffs noted in the above paragraphs are in excess of the jurisdictional amount of this Court.

## COUNT VII

29. Plaintiffs re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 28.

5

30. The conduct of the Defendants constitute actions that show a reckless indifference or disregard for Plaintiffs rights, safety, and well-being, are grossly negligent, wantonly negligent, and/or a violation of KRS 338.031 and therefore Plaintiffs are entitled to recover punitive damages from the Defendants.

WHEREFORE, Plaintiffs pray for the following relief:

1. For judgment against the Defendants, Campbell Crossing, LLC and WinnCompanies, LLC, jointly and severally, for compensatory and punitive damages, in an amount reasonably necessary to compensate them for their damages as set forth above;
2. For a trial by jury on all allowable issues;
3. For court costs and attorney fees incurred herein;
4. For interest pre- and post-judgment; and
5. For all other just and proper relief.

Respectfully submitted,

/s/ Larry D. Ashlock
LARRY D. ASHLOCK, ESQ.
ASHLOCK LAW GROUP, PLLC
236 W. Dixie Avenue
Elizabethtown, KY 42701
(270) 360-0470
AshlockLawGroup@gmail.com