UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| JASON THOMPSON; MICHAELA THOMPSON; AND J. T., by and through his parent and next Friend, Jason Thompson<br><br>PLAINTIFFS<br><br>VS.<br><br>CAMPBELL CROSSING, LLC.; AND, WINN COMPANIES, LLC<br><br>DEFENDANTS | CASE NO: 5:16-CV-00169-TBR |

## **DEFENDANTS, CAMPBELL CROSSING, LLC'S AND, WINNCOMPANIES, LLC'S MOTION TO DISMISS AND ANSWER TO PLAINTIFFS' COMPLAINT**

Come now the Defendants, Campbell Crossing, LLC; and, Winn Companies, LLC, by counsel, and for their Motion to Dismiss and their Answer to the Plaintiffs', Jason Thompson; Michaela Thompson; and Joshua Thompson, by and through his parent and next Friend, Jason Thompson, a minor, Complaint, and state as follows:

### MOTION TO DISMISS

Come now the Defendants, Campbell Crossing, LLC; and, Winn Companies, LLC, by counsel, and Move the Court to Dismiss Plaintiffs', Jason Thompson; Michaela Thompson; and J.T. a minor, by and through his parent and next Friend, Jason Thompson, a minor' Complaint pursuant to Fed. R. Civ. Proc. 12 (b) (6) for failing to state a claim. More specifically, Defendants assert derivative sovereign immunity as a bar to this action. A motion and affidavits

1

will be filed by Defendants as soon as practicable, and as soon as Defendants' counsel has received underlying documentation.

## DEFENDANTS' ANSWER

### FIRST DEFENSE

The Plaintiffs' Complaint should be dismissed in that there is (a) lack of jurisdiction over the subject matter, (b) lack of jurisdiction over the person, (c) improper venue, (d) insufficiency of process, (e) insufficiency of service of process, (f) failure to state a claim upon which relief can be granted, and (g) failure to join a party under Rule 19.

### SECOND DEFENSE

The Defendants, Campbell Crossing, LLC; and, Winn Companies, LLC, admit paragraphs I and III of Plaintiffs' Complaint.

The Defendant, Campbell Crossing, LLC, a Delaware limited liability corporation, denies the allegations contained in paragraph II of Plaintiffs' Complaint, and further avers that it is the successor in interest to Fort Campbell Family Housing, LLC, a Delaware limited liability corporation.

The Defendants deny paragraphs IV-XXX of the Plaintiffs' Complaint, except to the extent that Defendant Campbell Crossing, LLC admits the existence of a lease whose terms and conditions are specified therein and speak for themselves.

### THIRD DEFENSE

If Plaintiff(s) received any injuries or damages, which is denied, then he/she/they received same as a substantial result of his/her/their sole or comparative negligence or the sole or comparative negligence of one other than this/these Defendant(s).

## FOURTH DEFENSE

The Defendants pleads assumption of risk, contributory negligence, comparative negligence, unclean hands, fraud and fraud in the inducement, statute of limitations, failure to mitigate damages, laches, lack of standing, estoppel and lack of notice.

## FIFTH DEFENSE

All allegations of the Complaint, not specifically admitted, are hereby denied.

## SIXTH DEFENSE

The Defendants specifically plead sovereign immunity and/or derivative sovereign immunity, and such other defenses as are available to Defendants under the Federal Tort Claims Act.

## SEVENTH DEFENSE

The Defendants specifically plead that Plaintiffs' claims are preempted by the Federal Tort Claims Act.

## EIGHTH DEFENSE

The Defendants specifically plead that the Plaintiffs have failed to join all necessary parties namely the United States of America, Department of Defense, United States Army that remains the actual owner of the property in issue.

## NINTH DEFENSE

To the extent that any person or entity has paid amounts to, or for the benefit of, the Plaintiff(s) on account of the damages alleged in the Complaint, and to the extent that the Plaintiff(s) has (have) not notified these persons or entities, the Plaintiff(s)' is (are) barred. Alternatively, the Plaintiff(s) is (are) precluded from recovering any claims that are subject to subrogation and payment of those claims is an admissible fact.

TENTH DEFENSE

Plaintiffs is/are not entitled to any recovery of punitive damages as such an award would be in violation of the statutory laws of the Constitution of the United States.

ELEVENTH DEFENSE

None of the defendants acted with intent, malice, fraud, or recklessness, as required for an award of punitive damages. Defendant further asserts as an affirmative defense that Plaintiff's claim for "bad faith" and/or punitive damages is in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States in that they deprive Defendant of property without due process of law. Further, the claim for punitive damages is violative of the Fourteenth Amendment of the Constitution of the United States concerning equal protection. The punitive damages claim is further in violation of the Eighth Amendment to the Constitution of the United States.

TWELFTH DEFENSE

The Defendants deny that it is liable to Plaintiffs for bad faith and/or punitive damages in any amount. In the alternative, Defendants aver that the trial of this action should be bifurcated so that the amount of bad faith damages and/or punitive damages, if any, is determined in a separate proceeding. Further, pursuant to the United States Supreme Court's ruling in Cooper Industries, Inc. v. Leathermen Tool Group, Inc., 532 U.S. 424 (2001), Defendants affirmatively

assert that Plaintiffs' request for jury trial as to any determination of punitive damage should be denied.

## THIRTEENTH DEFENSE

Because the investigation of these Defendants is/are not complete at this time, these Defendants may have defenses which are not presently known. Therefore, in order to preserve any such defenses, the answering defendants incorporate by reference as part of this Answer to the Plaintiff's Complaint all those appropriate defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure. Moreover, this/these Defendant(s) preserve all rights pursuant to Rule 15 of the Federal Rules of Civil Procedure to subsequently amend this answer in order to clarify or add, if necessary, any such affirmative defenses or any other defenses pertinent to this action.

WHEREFORE, Defendants, Campbell Crossing, LLC; and, WinnCompanies, LLC, demand against the Answer to the Plaintiffs', Jason Thompson Complaint and Michaela Thompson Complaint, including claims as Next Friend of J.T., a minor, as follows:

1. That the Plaintiffs' Complaint be dismissed with prejudice and stricken from the docket;
2. Bifurcation and a stay of any claims against Winn Companies;
3. Their costs herein expended;
4. Attorney's fees;
5. Any such other just and proper relief which the Court may deem these Defendants entitled.
6. Trial by jury.

HARLAN E. JUDD & ASSOCIATES, PSC
869 Broadway Ave.
P.O. Box 51093

Bowling Green, Kentucky 42104
Telephone: (270) 904-4141
Telefax: (888) 590-2842

*S/Harlan Judd*

_____
HARLAN E. JUDD, III

**CERTIFICATE OF SERVICE**

 This is to certify that a true and exact copy of the foregoing was this day filed with the clerk of the court by electronic means, who in turn caused a copy of the same to be sent by electronic means to the following:

Larry Ashlock, Esq.
ASHLOCK LAW GROUP, PLLC
236 W. Dixie Avenue
Elizabethtown, KY 42701

This the 28th day of October, 2016.

s/Harlan Judd

_____
HARLAN E. JUDD, III