UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00169-TBR

JASON THOMSPON, *et al.*                                                PLAINTIFFS

v.

CAMPBELL CROSSING, LLC, *et al.*                                DEFENDANTS

**Memorandum Opinion and Order**

Defendants Campbell Crossing, LLC and Winn Companies, LLC move to dismiss this action pursuant to Federal Rule of Procedure 12(b)(6). [DN 8.] Plaintiffs Jason Thompson, Michaela Thompson, and J.T., their minor child, have responded, [DN 9], and Defendants have replied, [DN 10]. Fully briefed, Defendants' motion is ripe for adjudication.

At this early stage of the case, Defendants' motion presents a single, narrow issue: as a matter of law, are Plaintiffs' state-law tort and contract claims against the entities that managed their military housing barred by derivative sovereign immunity? Upon review of the parties' submissions and the applicable law, the Court lacks a sufficient basis to conclude that Defendants are immune from Plaintiffs' claims. At least for the time being, Plaintiffs' claims may proceed. Accordingly, Defendants' motion to dismiss [DN 8] is DENIED.

**I. Facts and Procedural History**

In fall 2015, Plaintiffs resided at 4447-A Beers Street in Fort Campbell, Kentucky. [DN 5-4 at 2.] At some point, Plaintiffs became aware that mold was present in their residence. [*Id.*] They allege that exposure to this mold caused

them to suffer physical and mental difficulties. [*Id.*] Plaintiffs filed suit against Campbell Crossing, LLC and Winn Companies, LLC in Christian County, Kentucky state court, alleging common-law tort and contract claims, all arising under Kentucky law. *See* [*id.* at 3-6.]

Defendants filed the instant motion pursuant to Federal Rule of Procedure 12(b)(6), arguing that Plaintiffs' complaint fails to state a claim against them upon which relief can be granted. Particularly, Defendants contend that they are government contractors, and Plaintiffs' claims are therefore barred by derivative sovereign immunity under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940). They also state that the Court should dismiss Defendant Winn Companies, LLC from this suit because "Winn is not involved in this dispute . . . [and] has absolutely no connection to . . . any of the events alleged in the Complaint." [DN 8-1 at 18.]

## II. Standard of Review

As a threshold issue, the Court must first determine whether Defendants' motion is properly considered as one made under Federal Rule of Procedure 12(b)(1) or 12(b)(6). Defendants characterize their motion as falling under Rule 12(b)(6), but traditionally, motions to dismiss based upon sovereign immunity are considered challenges to the court's subject-matter jurisdiction to hear a case, thus falling under Rule 12(b)(1). *See Kohl v. United States*, 699 F.3d 935, 940 (6th Cir. 2012). Although there appears to be a circuit split on the issue, the Sixth Circuit held in *Adkisson v. Jacobs Engineering Group, Inc.* that *Yearsley* immunity for government

2

contractors, the type of immunity at issue in this case, is not jurisdictional in nature. 790 F.3d 641, 647 (6th Cir. 2015). Rather, "*Yearsley* immunity is . . . closer in nature to qualified immunity for private individuals under government contract, which is an issue to be reviewed on the merits rather than for jurisdiction." *Id.* (citing *Filarsky v. Delia*, ___ U.S. ___, 132 S.Ct. 1657, 1665-68 (2012)). Thus, the Court will consider Defendants' motion under Rule 12(b)(6).

In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

### III. Discussion

Because Defendants' motion is properly considered under Rule 12(b)(6), the Court may consider only those facts contained within Plaintiffs' complaint. Those

facts are insufficient for the Court to determine whether Defendants acted within the discretion allotted to them by the federal government, the hallmark of *Yearsley* derivative immunity. Therefore, Defendants' motion must be denied.

As a sovereign entity, "the United States . . . is immune from suit unless it consents to be sued." *Adkisson v. Jacobs Eng'g Group, Inc.*, 790 F.3d 641, 645 (6th Cir. 2015) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, waives some, but not all, of the United States' sovereign immunity to tort suits. One such exception to the United States' waiver of its immunity is the discretionary-function exception. The United States is not liable for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). By the FTCA's terms, contractors of the United States are not included within the definition of "federal agency." *Id.* § 2671. However, in *Yearsley v. United States*, "the Supreme Court held that a contractor who built river dikes pursuant to a contract with the U.S. government, as authorized by Congress, could not be held liable for a Fifth Amendment taking when the contractor was simply an agent acting under its validly conferred authority." *Adkisson*, 790 F.3d at 645 (citing *Yearsley v. United States*, 309 U.S. 18, 21-22 (1940)). As the *Yearsley* Court put it, "if [the contractor's] authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the party of the contractor

4

for executing its will." *Yearsley*, 309 U.S. at 20-21. The Court recently clarified the scope of *Yearsley* immunity in *Campbell-Ewald Co. v. Gomez*, writing that "[w]hen a contractor violates both federal law and the Government's explicit instructions . . . no 'derivative immunity' shields the contractor from suit by persons adversely affected by the violation."  ___ U.S. ___, 136 S.Ct. 663, 672 (2016).

If a contractor is eligible for *Yearsley* immunity, its "exemption from liability . . . depend[s] upon whether its specific conduct at issue would fall under . . . the discretionary-function exception of the FTCA." *Adkisson*, 790 F.3d at 648. Whether that exception applies is determined by a two-part test. "First, the conduct must be discretionary, meaning that 'it involves an element of judgment or choice.'" *Id.* (quoting *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). Second, "the conduct must also be of the type that the discretionary-function exception was designed to shield." *Id.* (citing *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997)).

As previously stated, a defendant's motion to dismiss based upon *Yearsley* immunity is properly considered under Rule 12(b)(6). *Id.* at 647. In *Adkisson*, a recent case involving a Tennessee Valley Authority contractor's liability for a coal ash spill, the Sixth Circuit made clear that on a motion like Defendants', "the district court must 'construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.'" *Id.* at 647 (quoting *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014)). Further, unlike a Rule 12(b)(1) motion, here the Court must confine itself to

5

Plaintiffs' complaint, and may not refer to materials outside the complaint unless they are referred to in the complaint and are integral to the Plaintiffs' claims. *Id.* at 648; *see Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

The Court is therefore left with a choice regarding Defendants' motion. Because the parties have submitted matters outside the pleadings, the Court could convert Defendants' motion into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). The Court could also exclude the additional materials from consideration and rule upon Defendants' motion as it was made – a Rule 12(b)(6) motion to dismiss. Here, the latter path is the best one, because no matter the procedural vehicle, the record is insufficient to establish whether Defendants are entitled to *Yearsley* immunity.

Defendants primarily rely upon the Military Housing Privatization Initiative (MHPI), passed by Congress as part of the 1996 Defense Authorization Act "to improve the quality of housing conditions for active-duty military personnel." *Bessinger v. United States*, 448 F. Supp. 2d 684, 687 (D.S.C. 2006) (citing Pub. L. 104-106, 110 Stat. 186, 554, 10 U.S.C. §§ 2871 *et seq.* (1996)). Among other things, the MHPI empowers the Department of Defense to invest in limited liability companies and to convey or lease existing military housing facilities to a third-party contractor. *Id.* (citing 10 U.S.C. §§ 2875-2876, 2878). Defendants aver that they operate military housing at Fort Campbell, including the property at issue in this case, under a lease and operating agreement with the Army pursuant to the MHPI. *See* [DN 8-1 at 3-5.] Even if this is the case, Defendants must show more to cloak

themselves in the same sort of immunity enjoyed by the federal government. At a minimum, they must demonstrate not only that the federal government conferred upon Defendants the authority to undertake the management of military housing at Fort Campbell, but also that their conduct in this case was discretionary and of a type that the discretionary-function exception was designed to shield. *Yearsley*, 309 U.S. at 20-21; *Adkisson*, 790 F.3d at 648 (citations omitted).

In this case, such a showing cannot be made solely upon the facts contained in Plaintiffs' complaint. Moreover, even if the Court were to convert Defendants' motion into one for summary judgment under Rule 56, the record is still too bare to resolve the question of Defendants' immunity. In support of their motion, Defendants submitted documentation regarding their corporate formation and structure. *See* [DN 8-2; 8-3.] They have not, however, presented the Court with the lease, operating, and property management agreements referenced in their motion. Additionally, the record does not contain Plaintiffs' lease agreement with Defendants, the breach of which gives rise to one of Plaintiffs' claims. Presumably, these documents would go a long way in determining what sort of discretion Defendants possessed with respect to mold abatement, the type of conduct at issue in this case. But the Court may not make such presumptions in ruling upon the instant motion, whether it is characterized as a motion to dismiss or a motion for summary judgment.

Rather, the Court must confine itself to Plaintiffs' complaint, and determine whether they have "plead[] factual content that allows the court to draw the

7

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Here, Plaintiffs allege that their residence became ridden with mold, causing them physical and mental harm. They further allege that as co-owners of the residence, Defendants were responsible for furnishing Plaintiffs with a safe and habitable residence. By allowing the mold to grow, Plaintiffs say, Defendants acted negligently and recklessly, breached their lease agreement with Plaintiffs, created a nuisance, caused them to suffer severe emotional distress, and constructively evicted them from their household. These factual allegations raise a plausible inference of wrongdoing sufficient to survive Defendants' motion. Similarly, because the Court must accept as true Plaintiffs' contention that Campbell Crossing, LLC and Winn Companies, LLC are co-owners of the 4447-A Beer Street property, the Court may not dismiss Plaintiffs' claims against Winn Companies on the basis of Defendants' assertion that "Winn . . . has absolutely no connection to" Plaintiffs' claims. [DN 8-1 at 18.] The issues of Defendants' derivative immunity (or lack thereof) and Winn Companies' ownership of Plaintiffs' residence are best left for a later stage of this case, after the parties have been afforded an opportunity to conduct appropriate discovery.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

Defendants' motion to dismiss [DN 8] is DENIED. A **telephonic scheduling conference** shall be held **February 8, 2017** at **9:00 a.m. Central time**. The Court will place the call to Counsel.

CC: Counsel of Record